**FLORIDA–VANDERBILT DEVELOP-
MENT CORPORATION and Vanderbilt
Towers Unit One, Inc., Plaintiffs-Appel-
lees,**

v.

**George C. MATTHEWS, Defendant-
Appellant.**

**No. 71–2303**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1972.

Rehearing Denied March 27, 1972.

* ▮▮▮ Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir., 1970, 431 F.2d
409.

George C. Matthews, pro se.

George Vega, Jr., Naples, Fla., Thomas B. DeWolf, Miami, Fla., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Successful appeal from a remand order after a removal proceeding is a rare event. This case is no exception. Under 28 U.S.C.A. § 1447(d), we are precluded from reviewing "by appeal or otherwise" any order remanding a case to the State court from which it was removed, save in the exceptional circumstance where removal was predicated upon the civil rights removal statute § 1443.

That section provides no basis for removal jurisdiction in this case. Section 1443(2) applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Greenwood v. Peacock, 1966, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944, 954. Clearly Appellant is not within the ambit of that protection. The term *"equal* civil rights" (emphasis added) in § 1443(1) "must be construed to mean any law providing for specific civil rights stated in terms of *racial* equality." (Emphasis added.) Georgia v. Rachel, 1966, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925, 933. See also, Bass v. Mississippi, 5 Cir., 1967, 381 F.2d 692, 696–697. Appellant has made no assertion that the State court action is racially motivated or discriminatory. Therefore, he cannot remove under this provision either.

Appeal dismissed.