[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13824
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21402-JAL

PAUL R. MARCUS,

Plaintiff-Appellee,

HOME EQUITY MORTGAGE,

Plaintiff-Third Party
Defendant-Appellee,

versus

EFRAIN GALVEZ,
NANCY MARTIN,

Defendants-Cross
Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 5, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Efrain Galvez and Nancy Martin, proceeding *pro se*, appeal from the district court's order determining that two state court cases filed against them were improperly removed to federal court and remanding the two cases to state court, pursuant to 28 U.S.C. § 1447(c).  For the reasons set forth below, we affirm.

I.

In April 2013, Galvez and Martin filed a single notice of removal in federal court with respect to two actions originally filed against them in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida ("Florida circuit court").  One of the actions was filed in 2007 by Home Equity Mortgage Corporation and other plaintiffs and requested an accounting related to a promissory note that Galvez and Martin had executed and a related mortgage.  The other action was filed in 2009 by Paul R. Marcus and other plaintiffs and concerned foreclosing on the mortgage.  In their removal notice, Galvez and Martin asserted that removal of the two actions was proper pursuant to 28 U.S.C. § 1443.  Galvez and Martin also filed cross-claims against Home Equity Mortgage Corporation and asserted, *inter alia*, that their civil rights were violated.  The plaintiffs in the 2007 case and plaintiff  Marcus separately moved to remand the

2

2007 and 2009 cases to the Florida circuit court because the notice of removal was untimely filed.

The district court determined that Galvez and Martin improperly removed both state cases to federal court and granted the motions to remand. The court found that the Florida circuit court had issued final judgments in both cases, and the district court lacked jurisdiction to review, reverse, or invalidate the state court decisions. The district court further determined that, even if it had subject matter jurisdiction over the action, procedural bars in the removal statutes nevertheless required remand. The court ordered $1,755 in attorney's fees and costs under § 1447(c) to "Plaintiff" because Galvez and Martin did not possess an objectively reasonable basis for seeking removal.

On September 13, 2012, we dismissed Galvez and Martin's appeal in part, *sua sponte*, for lack of jurisdiction. We determined, however, that the appeal could proceed with respect to the district court's implicit determination that removal pursuant to § 1443 was improper. Further, the appeal could proceed to the extent that the defendants challenged the district court's award of attorney's fees and costs.

## II.

On appeal, Galvez and Martin argue that the district court erred in granting the motion to remand to state court the 2007 and 2009 cases. Galvez and Martin

3

assert that Marcus, state officials, and private parties acted under "color of law" and violated Galvez and Martin's constitutional rights under the First, Fourth, Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments.  Galvez and Martin contend that a state court judge assisted in a fraud allegedly perpetrated against them by the plaintiffs in the state actions.[1]  Galvez and Martin also filed an appendix to their brief, which was not filed with the district court, and it contains documents from the state court actions and related to the underlying mortgage.[2]

We review *de novo* whether a district court had removal jurisdiction. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001).  Although we interpret briefs filed by *pro se* litigants liberally, arguments not raised in a *pro se* brief are abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Under § 1443, a defendant may remove to a U.S. district court a civil action commenced in state court where the defendant can show that the action (1) is against any person who is denied or cannot enforce in state court a "right under any

---

[1]  Galvez and Martin also argue the merits of the underlying state action and assert that various procedural defects occurred during the state proceedings.  We do not address these arguments, as we dismissed this part of the appeal in our September 13, 2012 order.

[2]  Galvez and Martin failed to file a motion to supplement their brief with the appendix or to file excess pages, and thus, we do not review the appendix.  *See Jones v. White*, 992 F.2d 1548, 1566-67 (11th Cir. 1993) (providing that we have not allowed a party to append material to an appellate brief without first filing a motion requesting supplementation); Fed.R.App.P. 32(a)(7)(A) (providing that a principle brief may not exceed 30 pages); 11th Cir. R. 32-4 (providing that parties should file motions for leave to file briefs that do not comply with the page limitations in the Federal Rules of Appellate of Procedure); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (providing that, although we construe the pleadings of *pro se* plaintiffs liberally, we nevertheless have required them to conform to procedural rules).

law providing for the equal civil rights of citizens of the United States . . . ," or (2) involves "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(1)-(2); *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).  In *Georgia v. Rachel*, the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy.  First, the petitioner must show that the right upon which the petitioner relies arises under a federal law "providing for specific civil rights stated in terms of racial equality."  384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966).  Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts.  *Id.* at 794, 86 S.Ct. at 1791.  Section 1443(2) applies only to acts by federal officers or agents and those authorized to act for them.  *See Florida-Vanderbilt Dev. Corp. v. Matthews*, 454 F.2d 194, 195 (5th Cir. 1972).

Galvez and Martin's assertion that their rights protected under the First, Fourth, Fifth, Seventh, Ninth, Thirteenth, and Fourteenth Amendments were violated is insufficient to support a valid claim for removal under § 1443(1) because the cited constitutional provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands."  *See* U.S. Const. amends. I, V, VII,

5

IX, XIII, XIV; *see also Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790 (holding that reliance on the First Amendment and the Due Process Clause of the Fourteenth Amendment is insufficient to satisfy § 1443); *Conley*, 245 F.3d at 1295-96 (holding that reliance on the Equal Protection Clause is insufficient to satisfy section 1443(1)).  Galvez and Martin also have failed to show that the court erred in implicitly finding that removal under § 1443(2) was improper.  Although Galvez and Martin argue that Marcus, working with state officials and private parties was acting under color of law, they have not alleged that the appellees' actions involved acts by federal officers or agents and those authorized to act for them. *See Florida-Vanderbilt Dev. Corp.*, 454 F.2d at 195.  Lastly, Galvez and Martin have abandoned any argument that the court erred in awarding attorney's fees and costs against them by not raising this issue in their brief.  *See Timson*, 518 F.3d at 874.  For the foregoing reasons, we affirm the district court's order implicitly deciding that removal pursuant to § 1443 was improper.

**AFFIRMED.**